Harry Wilson LEGROW, Jr.

v.

UNITED STATES of America.

Civ. No. 54–300.

United States District Court, D. Massachusetts.

Dec. 13, 1954.

Arthur N. Cole, Boston, Mass., for plaintiff.

Anthony Julian, U. S. Atty., William J. Koen, W. Langdon Powers, Asst. U. S. Attys., Boston, Mass., for defendant.

SWEENEY, Chief Judge.

This is an action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, and arises from a collision between the car owned by the plaintiff and a truck registered to the Navy and operated by an employee of the United States in the usual course of the Navy's business.

### Findings of Fact.

On January 15, 1954, the plaintiff was driving along Rounds Drive, Naval Air Station in South Weymouth, Massachusetts. It had recently snowed and the Drive was slippery and snow was piled along the side of the road to a height of three feet or more. As the plaintiff approached the defendant's truck, which was going in the opposite direction, he observed that the truck was approaching its right-hand side of the road from its left where it had been collecting garbage or trash. The plaintiff's car was proceeding at a speed between 15 and 20 miles an hour and he made no effort to stop until there was good clearance between the truck and the snowbank on his right but elected to proceed through a narrow opening. In fact his car was so far to his right that the right-hand side of it was scraping and detaching the snow piled on the side of the road. This can be seen in the photographs that have been introduced in evidence. Neither the car nor the truck had chains on its wheels. I can find no act on the part of the defendant that would amount to negligence, but it is unnecessary to explore that thoroughly because I am satisfied that the plaintiff's own negligence in electing to take a chance in going through an opening that was too narrow contributed to the collision if it did not cause it.

### Conclusions of Law.

From the foregoing I conclude and rule that the defendant was not negligent.

I conclude and rule that the plaintiff's own negligence contributed to the collision.

The action is to be dismissed.